UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH K. WOLFE,<br><br>　　　　*Plaintiff*,<br><br>　　v.<br><br>SEE DC TODAY L.L.C, *et al.*,<br><br>　　　　*Defendants*. | Civil Action No. 25-00496 (AHA)<br>Cases Consolidated Into This Case<br>For All Purposes Except Trial:<br>Civil Action No. 25-00661 (AHA)<br>Civil Action No. 25-00910 (AHA)<br>Civil Action No. 25-01259 (AHA) |

### Pretrial Order

A pretrial conference will be held on **February 12, 2026, at 2:00 p.m.** in Courtroom 19. Trial will begin on **May 4, 2026, at 9:30 a.m.** in Courtroom 19. The parties should be prepared for trial to last through **May 15, 2026**.

One omnibus motion per side of no more than twenty-five pages raising all issues in limine shall be filed no later than **January 15, 2026**. Oppositions of no more than twenty-five pages shall be filed no later than **January 29, 2026**. Any *Daubert* motions shall be filed on the same schedule. The court will not entertain late motions absent a compelling explanation, and a party may not file a reply without leave of the court. The court will not consider motions that relitigate issues already resolved by the court.

The parties shall meet and confer for the purpose of preparing a joint pretrial statement and discussing the prospects for settlement. To the extent possible, the parties shall meet in person or, if that is impractical, by videoconference. The parties are directed to confer in good faith, and counsel for Plaintiffs shall file a joint pretrial statement pursuant to Local Civil Rule 16.5(a) and (d)(5) no later than **January 29, 2026**. Before submitting the joint pretrial statement, the parties

must discuss and attempt to resolve all objections to exhibits (including as to authenticity) and all motions in limine.

Counsel for Plaintiffs must file the joint pretrial statement (including proposed voir dire questions, proposed jury instructions, proposed verdict form, and any proposed findings of fact or conclusions of law) electronically via ECF. The proposed voir dire questions, proposed jury instructions, and proposed verdict form shall also be submitted to the court in Microsoft Word format via email. Counsel shall obtain the appropriate email address from the Courtroom Deputy. Counsel shall not use this email address for any other purpose, unless directed to do so by the court.

In accordance with Local Civil Rule 16.5(b), the joint pretrial statement must include:

1. **Parties and Counsel.** List the names and telephone numbers of all counsel, and the names and addresses of the parties on whose behalf the joint pretrial statement is filed. In addition, identify the lead counsel who will try the case.

2. **Nature of the Case.** Provide a brief statement describing the nature of the case, the identities of the parties, and the basis of the court's jurisdiction. This statement should be brief, clear, and non-argumentative.

3. **Claims and/or Defenses.** Provide a concise statement setting forth each claim a party has against any other party (including counter-, cross-, and third-party claims). The statement of defenses shall set forth each defense raised by a party to a specific claim asserted against it.

4. **Undisputed Issues/Stipulations.** List all issues not in dispute or facts to which the parties have stipulated.

5. **Witness Schedule.** List the names and addresses of each trial witness. The schedule should identify the witnesses a party "will call" and separately identify the witnesses a party "may call" if the need arises, including rebuttal witnesses. The schedule shall also set forth a brief description of the testimony to be given by each witness and an estimate of the time necessary for direct examination. Expert witnesses shall be designated by an asterisk. Witnesses who will be called solely for impeachment purposes need not be listed. No party may call at trial any witness the party has not listed in the joint pretrial statement (except those called for impeachment purposes).

   Each party shall indicate whether any witnesses will testify through an interpreter and, if so, shall indicate in which language the witness will testify. The parties are reminded

that the court does not provide interpreters in civil matters; the parties are to provide interpreters if needed.

The listing of a witness does not commit the party to have that witness available at trial or to call that witness to testify, but it does preclude the party from objecting to the presentation of that witness's testimony by another party. No listed witness will be precluded from testifying unless an objection is made in the joint pretrial statement and the specific basis and supporting authority for the objection are articulated, though a failure to object in a timely manner may be excused by the court for good cause shown.

The court will accept the parties' written agreement to use a deposition at trial even though the witness is available. In the absence of such an agreement, the parties must comply with Federal Rule of Civil Procedure 32. The parties must identify any witnesses they intend to call at trial, and the expected order of witnesses, by noon the day before.

6. **Exhibit List.** List and describe each exhibit to be offered in evidence, including (if possible) rebuttal exhibits, with each exhibit identified by number, title, and date (if applicable).

   No exhibit will be admitted at trial unless it is listed on the joint pretrial statement. Each listed exhibit will be presumed authentic and admissible at trial unless a written objection identifying the specific basis of the objection is made in the joint pretrial statement. If there are objections to an exhibit listed in the joint pretrial statement, the exhibit shall be produced at the time the joint pretrial statement is submitted as an attachment to the joint pretrial statement. Objections that are not disclosed in the joint pretrial statement, except those pursuant to Federal Rules of Evidence 402 and 403, shall be deemed waived, unless such failure to timely object is excused by the court for good cause shown.

   The court expects most objections to exhibits to be cured by discussions between the parties, and the parties should stipulate to the admissibility of as many exhibits as possible.

   Counsel requiring authentication of an opponent's exhibit must notify offering counsel in writing within ten business days after the exhibit is identified and made available for examination. Failure to do so is an admission of authenticity.

7. **Deposition Testimony.** Identify each deposition or portion thereof, by page and line numbers, that the party intends to offer in evidence. All cross-designations under Federal Rule of Evidence 106 must be identified as well. Designated or cross-designated deposition testimony will be deemed potentially admissible at trial, unless an objection is made in the joint pretrial statement. The objecting party must note the basis for the objection and provide supporting authority. Any objections to deposition testimony shall be accompanied by excerpts from the deposition, including the testimony to which the objection relates. Objections not disclosed in the pretrial statement, except those pursuant to Federal Rules of Evidence 402 and 403, shall be

deemed waived, unless such failure to timely object is excused by the court for good cause shown.

8. **Demonstrative/Physical/Videotape Evidence.** Identify all demonstrative, physical, and/or videotape evidence that will be used at trial. Such evidence listed in the joint pretrial statement shall be deemed potentially admissible at trial, unless an objection is made in the joint pretrial statement, along with the specific basis for the objection and supporting legal authority.

9. **Relief Sought.** Provide an itemization of damages setting forth each element of damages and the monetary amount thereof sought (including prejudgment interest, punitive damages, and attorney fees). List all other relief sought against any party.

10. **Jury Cases.** In jury cases, the parties must also submit:

    (a) **Any waiver of a jury trial**;

    (b) **Proposed voir dire questions** that indicate:

       (i) The voir dire questions on which the parties agree; and

       (ii) The voir dire questions on which the parties disagree, with specific objections noted below each disputed question and supporting legal authority (if any).

    (c) **A list of proposed jury instructions**, followed by the text of each proposed instruction, as well as the specific source and citation for the proposed instructions (e.g., Standardized Civil Jury Instruction for the District of Columbia 2.01: Evidence in the Case) or, for modified or new instructions, specific supporting legal authority. Any variations or alterations of standard jury instructions shall be so noted and the proposed instructions shall be formatted so that each individual instruction begins a new page. Additionally, the parties shall indicate:

       (i) The instructions on which the parties agree; and

       (ii) The instructions on which the parties disagree, with specific objections noted below each disputed instruction and supporting legal authority (if any).

    (d) **A proposed verdict form**, as well as proposed special interrogatories (if any), that includes a date and signature line for the jury foreperson.

    Any objections shall be listed immediately following the voir dire question, jury instruction, or verdict question. The objecting party shall specifically identify the objectionable portion of the voir dire question, instruction, or verdict form, along with the basis of the objection and citations to supporting legal authority. Any objections to the verdict form shall be accompanied by a proposed alternative form.

11. **Non-Jury Cases.** In non-jury cases, the parties must submit detailed proposed findings of fact and conclusions of law with supporting authorities.

12. **Special Matters.** The parties shall identify any special considerations for trial, such as accommodations for persons with disabilities, or any other pertinent matters of which the court should be aware.

13. **Estimated Length of Trial.** List the number of days estimated for trial and set forth any scheduling problems with witnesses.

If the parties have no statement or submission concerning any of the above items (e.g., if the parties have not stipulated to any facts), the joint pretrial statement shall so indicate.

The parties are also advised of the following trial procedures:

14. **General Courtroom Rules.** The court expects counsel to exercise civility at all times toward each other, the court, and everyone involved in the case or working with the court.

    (a) Unless otherwise directed by the court, motions shall be made and argued from the lectern.

    (b) Unless leave is otherwise given, counsel shall question witnesses and make opening statements and closing arguments from the lectern, or using a lapel microphone, and shall speak into the microphone.

    (c) Counsel shall obtain permission from the court before approaching a witness.

    (d) The court will strictly apply the rules on rebuttal evidence. *See* Black's Law Dictionary (9th ed. 2009) (defining "rebuttal evidence" as "[e]vidence offered to disprove or contradict the evidence presented by an opposing party").

    (e) Counsel are reminded that the traditional rules regarding opening statements and closing arguments will be enforced by the court.

    (f) All statements by counsel should be directed to the court and not to opposing counsel.

    (g) Counsel are reminded that their own opinions regarding facts or issues in a case are irrelevant and should not be communicated to the jury (e.g., "I think . . . , we believe . . .").

    (h) Counsel are reminded to secure clearance from the court before posing questions or engaging in procedures in the presence of the jury that carry a risk of undue prejudice, or that by law or customary procedures require judicial pre-approval.

    (i) Unless otherwise permitted by the court, counsel shall refer to all witnesses over the age of eighteen, including their clients, as "Mr.," "Ms.," or appropriate title, or by their official title (e.g., "Captain" or "Dr."). All witnesses are to be addressed in a respectful and polite manner.

15. **Direct and Cross-Examination.** On direct and cross-examination of a witness, counsel shall not:

    (a) Testify by improperly incorporating facts into their questions so as to put before the jury information that has not been received in evidence;

    (b) Use an objection as an opportunity to argue or make a speech in the presence of the jury;

    (c) Show the jury a document or anything else that has not yet been received in evidence without leave of the court. If counsel is using electronic equipment to display documents to the jury and the court, counsel shall make sure that the document has been admitted in evidence before it is shown to the jury; or

    (d) Except in extraordinary circumstances, be permitted to recross-examine any witness.

16. **Objections at Trial.** Bench conferences are discouraged.[1] Counsel who make objections during trial must state the legal basis for their objections without elaboration or argument (unless invited)—e.g., "objection, hearsay," or "objection, lack of foundation." The court will generally rule on the objection without additional discussion except in the most critical areas. For purposes of "protecting the record" and assisting appellate review, counsel may explain or amplify their objections on the record after the jury has been excused for a break, for lunch, or for the day.

17. **Rule on Witnesses.** Except for the parties or their authorized representatives permitted under Federal Rule of Evidence 615 and any expert witnesses, all witnesses shall remain outside the courtroom except while actually testifying. Unless permission for a witness to remain in the courtroom is expressly sought and granted, the rule on witnesses is always in effect, even during voir dire and opening statements. Counsel shall instruct witnesses not to discuss their testimony with others after they leave the stand. Counsel calling a witness to testify, and counsel's agents, should have no further discussions with that witness concerning any aspect of the testimony already given or anticipated until such time as the witness has completed his or her testimony.

18. **Witnesses on Call.** Once the trial begins, witnesses shall be put on call at the peril of the calling party. The trial will not be recessed because a witness on call is unavailable, except in extraordinary circumstances. The court will endeavor to accommodate out-of-town and expert witnesses if counsel alerts the court. The party calling a witness shall arrange for that witness's presence until cross-examination is completed, including the following trial day if need be. The failure to have a witness present for

---

[1] Counsel may seek to convene a bench conference if counsel is about to engage in a line of inquiry on direct or cross-examination that reasonably necessitates preclearance (e.g., potentially inflammatory areas of interrogation).

cross-examination following direct examination is grounds to strike the witness's testimony.

19. **Verbal or Facial Contact with the Jury.** Counsel shall not make any verbal comments, facial expression, laughter, or other contact with the jury that could be interpreted as conveying a comment one way or the other with respect to any testimony, argument, court ruling, or event that may occur during trial. Nor shall any such persons offer gratuitous comments or asides about witnesses' testimony or opposing counsel.

20. **Closing Arguments and Instructions.** In making closing arguments, counsel shall be limited by the evidence presented during trial and are reminded of the prohibition against appealing to the jurors' prejudices. Moreover, during closing argument and throughout the trial, counsel shall not:

(a) Make statements of personal belief to the jury;

(b) Make personal attacks on other counsel in the case;

(c) Appeal to the self-interest of the jurors; or

(d) Make potentially inflammatory racial, ethnic, political, or religious comments.

With regard to both opening statements and closing arguments, counsel are admonished not to make statements or arguments that will engender objections. The court will intervene sua sponte and not wait for objections if it detects a failure to adhere to basic legal principles and standards of civility. Failure to abide by these rules may result in sanctions.

**SO ORDERED.**

_____
AMIR H. ALI
United States District Judge

Date:   December 19, 2025